COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:     Ofelia Villagran Gonzalez v. Emma Gonzalez Gutierrez, Individually and a/n/f of Kristopher Gutierrez

Appellate case number:    01-12-01157-CV

Trial court case number:   1132026

Trial court:               333rd District Court of Harris County

The complete record in this automobile collision case was filed on January 17, 2013. On March 22, 2013, appellant, Ofelia Villagran Gonzalez, filed a "Notice of Automatic Stay," stating that her insurer, Santa Fe Auto Insurance Company ("SFAIC"), had been placed into receivership by the State of Texas, pursuant to Texas Insurance Code, Chapter 443 (the "Insurer Receivership Act"). Appellant's notice attached a copy of the receivership court's March 8, 2013 "Order Appointing Rehabilitator and Permanent Injunction." *See State of Texas v. Santa Fe Auto Ins. Co.*, No. D-1-GV-13-000204 (419th Dist. Court, Travis County, Tex., March 8, 2013, order).

The receivership court's order appointed the Commissioner of Insurance for the State of Texas to act as rehabilitator and enjoined any party asserting claims or causes of action against SFAIC from

> 4.9 Making any claim, charge, or offset or *commencing or prosecuting any* action, *appeal*, . . . or obtaining any preference, judgment, attachment, garnishment, or other lien, or making any levy against [SFAIC], [SFAIC's] property or the Rehabilitator, except as permitted by a rehabilitation plan approved under [Texas Insurance Code section 443.103] or as otherwise permitted by [Chapter 443].

*Id.* (emphasis added.) The order further provided that an "automatic stay is in effect with respect to actions against any insured of [SFAIC] for which [SFAIC] is liable under a policy of insurance, or is obligated to defend such insured, pursuant to TEX. INS. CODE § 443.008(d). Such stay shall continue for 90 days after the date of this order, or such further time as ordered by [the receivership court]." *See id.*; *see also* TEX. INS. CODE ANN. § 443.008(d) (West Supp. 2013) (providing that, with exceptions, commencement of proceeding under this chapter operates as stay as to all persons of, inter alia, any judicial action and stay terminates 90 days after appointment of receiver unless extended by order of receivership court).

On April 24, 2013, upon consideration of appellant's "Notice of Automatic Stay," this Court entered an order staying all proceedings in this appeal until June 6, 2013, or until further order of the receivership court. The parties were directed to notify this Court when the stay was lifted.

On April 25, 2013, appellant filed another "Notice of Automatic Stay of Proceedings." Appellant's notice stated on April 5, 2013, SFAIC was (1) declared insolvent and placed into liquidation by the receivership court and (2) designated as an impaired insurer by the Texas Commissioner of Insurance pursuant to Official Order No. 2432, which was attached to the notice. Pursuant to Texas Insurance Code Chapter 462 (the "Guaranty Act"), the Texas Property and Casualty Insurance Guaranty Association became obligated to defend insureds under SFAIC policies. *See* TEX. INS. CODE ANN. §§ 462.201, 462.301 (West 2009). To permit the association to properly defend a pending cause of action, the Guaranty Act imposes an automatic six month stay beginning on the later of the date of designation as an impaired insurer or the date an ancillary proceeding is brought in the state. *See* TEX. INS. CODE ANN. § 462.309 (West 2009). Therefore, this appeal was under a statutory stay until October 5, 2013.

The statutory stay expired on October 5, 2013 and no party has filed any additional notices indicating an extension of the stay. Accordingly, we REINSTATE this case on the Court's active docket.

Appellant's brief is ORDERED to be filed within 30 days of the date of this order. *See* TEX. R. APP. P. 38.6(a). Appellee's brief, if any, is ORDERED to be filed within 30 days of the date the appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

Any party may request that we reconsider this order by demonstrating that the case is subject to further stay.

It is so ORDERED.


Judge's signature: /s/ <u>Jane Bland</u>
          ☒ Acting individually    ☐ Acting for the Court


Date:  April 8, 2014